UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Blu Dot Design & Manufacturing, Inc., | Case No. 17-cv-3208-PJS-KMM |
| Plaintiff, | |
| v. | |
| Stitch Industries, Inc., *d/b/a* Joybird Furniture, | ORDER ON JOINT MOTION FOR CONTINUED SEALING |
| Defendant. | |

The parties have filed a Joint Motion Regarding Continued Sealing. [ECF No. 74.] The motion concerns three documents filed under temporary seal pursuant to Local Rule 5.6 in connection with the Defendant, Stitch Industries Inc.'s ("Stitch"), motion to dismiss the complaint for lack of personal jurisdiction. These documents include: (1) an un-redacted memorandum filed by the Plaintiff, Blu Dot Design & Manufacturing Inc. ("Blu Dot"), in opposition to the personal jurisdiction motion [ECF No. 53]; and (2) Exhibits K and L to Lora Friedemann's Declaration [ECF No. 56 & 57 (respectively)]. The Court addresses the issue of continued sealing of each of these documents separately below.

**The Memorandum**

With respect to Blu Dot's un-redacted memorandum in opposition to Stitch's motion to dismiss, the parties disagree whether it should remain under seal. [*See* ECF

No. 74 at 2.] In opposing Stitch's motion to dismiss, Blu Dot references information that Stitch provided during the limited jurisdictional discovery permitted by the Court. Stitch designated certain information as confidential under the parties' stipulated Protective Order. Therefore, Blu Dot redacted portions of its opposition memorandum. Blu Dot's redactions include references to: (1) Stitch's revenues from sales to Minnesota customers; (2) number of online chat sessions with Minnesota customers; (3) number of catalogs mailed to Minnesota residents; (4) total number of furniture sales to Minnesota residents; (5) changes in Stitch's sales over time; and (6) percentage of Stitch's business attributable to Minnesota sales. [*See* Pl.'s Redacted Mem. at 1, 8-9, 15-18, ECF No. 54.] Stitch argues that the Court should maintain the confidentiality of this information because it "contains business information exchanged during jurisdictional discovery and designated by [Stitch] as 'Confidential – Attorneys' Eyes Only' or 'Confidential' pursuant to the Protective Order in this case." [ECF No. 74 at 2.] Blu Dot disagrees, arguing that "[Stitch] has not met its burden of proof in showing that the information . . . is properly sealed or redacted." [*Id.*]

Based on the entire record, the Court concludes that the public's interest in access outweighs Stitch's interest in maintaining the confidentiality of the redacted information in Blu Dot's memorandum. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (requiring a court to balance the public's general interest in access to judicial records with the "salutary interests served by maintaining confidentiality of the information sought to be sealed"). Specifically, the Court finds that the information at

2

issue is not highly sensitive, competitive business information, so Stitch's interest in confidentiality is not particularly strong. In addition, the redacted information is likely to be of great importance to the District Court's consideration of the personal jurisdiction issue, thus increasing the public's interest in access.

### Exhibit L

Although the parties agree that Exhibit L to the Friedemann Declaration should remain under seal, the Court finds otherwise. Exhibit L includes information about the number of Stitch's direct mailings to Minnesota residents, which is one of the categories of information the Court finds is likely to be of consequence in resolving the personal jurisdiction issue. It is not plain that any of the data reflected in Exhibit L constitutes highly sensitive or competitive business information. This Exhibit does not, for example, include contact information for potential customers or any formula Stitch uses to determine value of marketing strategies. Accordingly, the Court finds that the public's interest in access outweighs Stitch's interest in confidentiality with respect to Exhibit L.

### Exhibit K

The parties agree that Exhibit K to the Friedemann Declaration should remain under seal. Based on its review of the record, the Court finds that Exhibit K should remain under seal. Exhibit K contains potentially sensitive and competitive business information about how Stitch values certain aspects of its business operations. Stitch's interest in confidentiality of this information is therefore stronger than the redacted

portions of the memorandum or in Exhibit L. In addition, the Court finds the public's interest in this information to be of less significance because it is not plainly relevant to the personal jurisdiction issue the District Court has been asked to resolve.

**Order**

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. The Clerk is directed to keep **ECF No. 56** sealed.

2. The Clerk is directed to unseal **ECF No. 53 and ECF No. 57** 28 days after the issuance of this Order, unless a timely motion for further consideration is filed pursuant to D. Minn. LR 5.6(d)(3).

Date: March 16, 2018
*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge